**FILED**
**Mar 08, 2024**
**02:09 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **SHIRLEY SMITH,** | ) | **Docket No. 2023-08-0115** |
| **Employee,** | ) | |
| **v.** | ) | |
| **WALBRIDGE CONSTRUCTION,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **FARMINGTON CASUALTY CO.,** | ) | **State File No. 860087-2023** |
| **Carrier,** | ) | |
| **And** | ) | |
| **TROY HALEY, as ADMINISTRATOR of** | ) | |
| **the BUREAU OF WORKERS'** | ) | |
| **COMPENSATION, SUBSEQUENT INJURY** | ) | **Judge Shaterra R. Marion** |
| **& VOCATIONAL RECOVERY FUND.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

At a March 1, 2024, Expedited Hearing, Ms. Smith requested benefits for her alleged work-related injuries. Walbridge denied that Ms. Smith suffered an injury primarily arising out of and in the course and scope of her employment. The Court holds Ms. Smith is not likely to show that her injury primarily arose out of and within the course and scope of her employment and denies benefits at this time.

## History of Claim

Ms. Smith testified that on September 12, 2022, she slipped and fell while removing a crosstie from an excavation hole by herself.[1] She testified she injured her neck, back and entire upper body.

---

[1] Walbridge objected to Peter Smith testifying since Ms. Smith's discovery responses did not list him as a person with knowledge. The Court took the objection under advisement. The objection is overruled since Ms. Smith did list him in the prehearing witness list.

According to Ms. Smith, her direct supervisor, Joshua Hovatter, witnessed the incident. Mr. Hovatter, who no longer works for Walbridge, testified that he did not witness Ms. Smith fall or suffer any injury. He also said she did not report an injury to him.

Several other Walbridge employees testified: General Foreman Mark Laub, Safety Supervisor Justin Keister, and Senior Superintendent Randy Auer.

Mr. Keister and Mr. Laub stated that they did not witness Ms. Smith suffer any injury, and she did not report any injury to them. They also testified that they rotated around the jobsite and observed Ms. Smith's area multiple times a day.

Walbridge requires employees to sign or initial a form in the morning, afternoon, and at the end of their shift, noting any injuries or near misses. During the hearing, Ms. Smith was presented the September 12 form showing no accidents, no near misses, her written name, and initials. Ms. Smith confirmed it was her name and initials, although she would not confirm that she signed the form that day.

Mr. Keister also explained that Walbridge keeps an incident log that would show any reported injuries for a particular month. The log showed zero incidents for September 2022. Further, Mr. Keister said that Walbridge has an incentive program that gives employees $50 gift cards for reporting an injury.

The parties disagreed on Ms. Smith's job responsibilities. Walbridge's employees testified that her duties did not include clearing crossties out of an excavation hole. They also said the red stripe on her helmet signaled that she was not supposed to be in or around the excavation holes. Mr. Hovatter testified that the crossties weighed over 50 pounds and they had machinery to move anything that heavy. Ms. Smith countered that her responsibilities did include clearing out excavation holes, and Mr. Hovatter specifically instructed her to remove the crosstie.

The parties agreed that the day after the alleged accident, Walbridge terminated Ms. Smith along with several other employees. Walbridge asserted the termination was due to a reduction in work. Ms. Smith returned to the worksite within days to work for another contractor. When Ms. Smith returned to the worksite, she did not report an injury but continued to work flagging trucks and picking up trash and debris.

Randy Auer stated that Walbridge's first notice of an alleged injury was on March 16, 2023, when Ms. Smith sent him an email.

**Motion to Reconsider**

Before the hearing, the Court heard Ms. Smith's motion to reconsider a February 28 order granting Walbridge's motion to strike part of Ms. Smith's exhibit list.

The Court entered the February 28 order because it had previously ordered sanctions that prohibited entry of the proposed exhibits due to Ms. Smith's failure to comply with discovery deadlines and a Court order. Also, Ms. Smith failed to supplement her hearing request with the additional documents or file the records with the clerk within the timeframe set out by Court rules.

Ms. Smith requested that the Court enter records from Seaton Family Practice and a December 2023 MRI report. The records were excluded because they were not signed by a doctor and constituted inadmissible hearsay. As for the MRI report, it was not listed on the exhibit list and was excluded as part of the sanctions order.

Therefore, the motion to reconsider is denied, and the records are excluded.

### Findings of Fact and Conclusions of Law

Ms. Smith must show she is likely to prevail at trial in establishing that her injuries arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(12); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Smith must first show that her injury arose primarily out of and in the course and scope of employment. To do so, she must prove a work-related incident or set of incidents to her neck, back, and upper body identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(12)(A). She has not done so.

Ms. Smith's claim that her injury occurred at work and that she reported the injury to Walbridge is not sufficient to trigger benefits. The Appeals Board explained that "mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented." *McCord*, at *14.

In review of the "particular circumstances presented," the Court does not find Ms. Smith's testimony consistent with the evidence. The form from the date of injury and the incident log show no incidents reported, despite Walbridge's incentive program for reporting injuries. The Court finds that Ms. Smith signed the form and continued to work at the worksite with no problems.

Mr. Hovatter said he did not see Ms. Smith suffer an injury nor did she appear injured on September 12 or any day after. Mr. Keister and Mr. Laub observed Ms. Smith multiple times daily, and they did not witness her injury, nor did she report an injury to them either. Despite continuing to work at the site and see Walbridge management, she never reported an injury.

Further, her testimony was agitated and defensive with unreasonable explanations. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014) (discussing indicia of witness credibility). The Court finds Mr. Hovatter, Mr. Keister, and Mr. Laub credible. They were steady, forthcoming, reasonable, and confident.

Therefore, the Court holds Ms. Smith is not likely to prove she suffered a work-related injury at a hearing on the merits that entitles her to benefits.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Smith's request for medical and temporary disability benefits is denied.

2. The Court sets **a status conference on May 14, 2024, 1:30 p.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED March 8, 2023.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. [for identification only] Seaton Family Medical Records
2. [for identification only] Flinn Medical Records
3. Duplicate Petition for Benefit Determination filed July 5, 2023
4. First Report of Injury
5. Notice of Denial
6. Daily Task Analysis
7. Incident Log
8. Statement of Justin Keister
9. Rule 72 Declaration of Randy Auer
10. Statement of Mark Laub
11. Statement of Joshue Hovatter
12. Email from Randy Dillard to Randy Auer

4

13. Petition for Benefit Determination filed February 23, 2023

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice with additional issues
3. Request for Hearing with Affidavit of Shirley Smith
4. Order on Status Hearing Sept. 27, 2023
5. Order Granting Motion to Compel and Motion for Continuance; Dec. 17, 2023
6. Order Denying Motion to Dismiss and Granting Motion for Sanctions
7. Employee's Witness List
8. Employee's Exhibit List
9. Employer's Witness List
10. Employer's Exhibit List
11. Employer's Pre-Hearing Brief
12. Order on Status Hearing and Motions; February 23, 2024
13. Order Granting Employer's Motion to Strike Employee's Exhibit List
14. Notice of Filing (Medical Records)
15. Motion for Reconsideration re Employee's Exhibits

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 8, 2024.

| Name | Email | Sent to |
|------|-------|---------|
| Paul Robinson, Employee's Attorney | X | problaw937@hotmail.com<br>marie8558@yahoo.com |
| Chancey Miller, Employer's Attorney | X | cmiller@carrallison.com |
| Timothy Kellum, Subsequent Injury Fund Attorney | X | timothy.kellum@tn.gov |

_____
**Penny Shrum**
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*